WESLEY E. BROWN, Senior District Judge.
 

 Plaintiff Rosetta Goudeau appeals from an Order dismissing her civil rights -suit brought under 42 U.S.C. Sec. 1983, because of an alleged failure to state a claim upon which relief could be granted.
 

 Ms. Goudeau was employed by an Oklahoma City School District, known as Mill-wood Public Schools, as a pre-school aide for a period of three years, up to August, 1983, when she was orally notified by her immediate supervisor on August 17th that her employment was being terminated.
 
 [1]
 
 She was told that her termination was due to lack of enrollment and insufficient funds. Despite requests, she was never provided with a written notice of the reasons for her termination, and she was never given an opportunity to appear before the Board of Education for the School District to question the sufficiency and need for her termination.
 

 Plaintiff then filed her civil rights complaint, alleging that the school district’s failure to provide her with a hearing prior to termination violated her due process rights under the Fourteenth Amendment to the Constitution. She also sought damages for breach of contract under state law.
 

 Upon Motion filed by the school district, the district court dismissed the action for the reason that plaintiff did not possess a protected property interest in her continued employment with the Millwood Public Schools. The only issue in this appeal is whether or not Ms. Goudeau had a property interest in her continued employment with the Millwood Public Schools — and more specifically — whether the reasons given by the school district are in and of themselves determinative of whether she had a protected property interest in her employment.
 

 Ms. Goudeau’s federal constitutional claim depends upon her having a property right in continued employment. Such property interests are not created by the federal constitution — “ ‘they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ... ’
 
 Board of Regents v. Roth,
 
 [408 U.S. 564, 92 S.Ct. 2701] ... 33 L.Ed.2d 548 [(1972)] ...”
 
 Cleveland Board of Education v. Loudermill,
 
 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494, 501 (1985).
 

 In the instant case, plaintiffs property interest is derived from the provisions of 70 Okla.Stats.1982 Sec. 24-133, which sets out the interest of “support employees” of the school board:
 

 “Suspension, demotion or termination of support employee
 
 for cause
 

 A support employee who has been employed by a local board of education for more than one (1) year shall be subject to suspension, demotion or termination
 
 only for cause,
 
 as designated by the policy of the local board of education, adopted as provided in Section 2 of this act.
 
 This section shall not be construed to prevent layoffs for lack of funds or work.
 
 For purposes of this act, ‘support employee’ means a full-time employee of a school district who provides those services, not performed by professional educators or licensed teachers, which are necessary for the efficient and satisfactory functioning of a school district ...” (Emphasis supplied.)
 

 There is no controversy about the fact that plaintiff was a “support employee” who had been employed by the school district for more than one year, and the district court found that she was within the protection of the statute, but it further found that the reasons given for her termination were a lack of enrollment and insufficient funds, and that there was “no reason to doubt that plaintiff’s layoff was due to ‘lack of funds or work.’ ” Under these circumstances, the district court found that Sec. 24-133 “simply does not create a property right in continued employment for em
 
 *1431
 
 ployees laid off due to lack of funds or work.”
 

 In so construing the state employment statute, we find that the district court erroneously limited the property interest of support employees in their continued employment. In our recent decision in
 
 Bailey v. Kirk, 111
 
 F.2d 567 (10th Cir.1985), we found that a police chief, who could not be suspended from employment except “for cause”, had a protected property interest which was violated when he was summarily suspended for four-day and five-day periods, without hearing. In so doing, we relied upon the decision in
 
 Loudermill,
 
 which rejected decisions such as
 
 Arnett v. Kennedy,
 
 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), which had determined that property rights in employment could be limited by procedural provisions governing those rights.
 
 [2]
 

 In
 
 Loudermill,
 
 470 U.S. at 541, 105 S.Ct. at 1493, 84 L.Ed.2d at 503, the Supreme Court held that:
 

 “In light of (subsequent holdings), it is settled that the ‘bitter with the sweet’ approach misconceives the constitutional guarantee. If a clearer holding is needed, we provide it today. The point is straightforward; the Due Process Clause provided that certain substantive rights —life, liberty and property — cannot be deprived except pursuant to constitutionally adequate procedures_ “Property” cannot be defined by the procedures provided for its deprivation any more than life or liberty. The right to due process ‘is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in (public) employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.’ (quoting
 
 Arnett,
 
 416 U.S. at 167 [94 S.Ct. at 1650]....”
 

 In the instant case, the Oklahoma statute clearly provides that members of the protected class (support employees with more than one year’s employment) could not be suspended, demoted or terminated except “for cause”. In order to determine whether or not “cause” existed, an employee would be entitled to a due process hearing to ascertain that fact. In addition, the statute also provides that an employee could be terminated for lack of funds or work. These two aspects conditioning employment likewise constitute “cause” for termination.
 

 In finding that plaintiff’s property rights in continued employment depended upon the
 
 reasons
 
 given for termination, the district court in effect allowed the school district to determine whether or not there was a constitutionally protected interest simply by offering the reason that there was no work, or that there were no funds. Here, the district court noted that plaintiff
 

 “does not claim she was discharged for ‘cause’. She does not claim that her discharge was the result of any discipline or punishment which would entitle her to a hearing. Instead, the reason for her layoff was lack of funds or work. That is the reason stated by her employer and the complaint presents no reason to doubt it. Plaintiff's complaint does not allege that the layoff for lack of funds or work is a mere sham, pretext, or subterfuge.”
 

 The district court’s finding presupposes that the layoff here
 
 was
 
 due to lack of funds or work. That question of course has never been determined. Without adequate due process protection, an employee such as Ms. Goudeau can never discover whether the reasons offered for her discharge are true — or are false and a mere subterfuge.
 

 The district court erred in concluding that plaintiff did not possess a constitutionally protected interest in her continued employment with the Millwood Public School district. The Oklahoma statute clearly establishes that her employment could be terminated only for specified reasons, includ
 
 *1432
 
 ing a lack of work or funds. Her expectation of continued employment was sufficient to warrant the protections of the Fourteenth Amendment. Accordingly, the Order dismissing her complaint is reversed, and the case is remanded for further proceedings.
 

 [1]
 

 . Ms. Goudeau had worked for approximately two weeks of the 1983-1984 school year.
 

 [2]
 

 . In
 
 Arnett
 
 the court found that when the grant of a substantive right is intertwined with limitations on procedures used to determine that right, then the employee "must take the bitter with the sweet”. 416 U.S. at p. 154, 94 S.Ct. at p. 1644, 40 L.Ed.2d at p. 33.