974 F.2d 1237
 77 Ed. Law Rep. 98, 7 IER Cases 1204
 Joyce BROWN, Lois Sullivan, Plaintiffs-Appellants,
v.
INDEPENDENT SCHOOL DISTRICT NO. I-06 OF McCURTAIN COUNTY,
OKLAHOMA (Haworth School District); Larry Thompson; Chris
Columbus; Norman Ranger; James P. Brinkley; Charles
Whittington; Herman Horn, Defendants-Appellees.
 No. 91-7058.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 24, 1992.
 
 Richard B. Wilkinson of the Oklahoma Educ. Ass'n, Oklahoma City, Okl. (George Walters, Broken Bow, Okl., with him on the brief) for plaintiffs-appellants.
 Jerry A. Richardson of Rosenstein, Fist & Ringold, Tulsa, Okl., for defendants-appellees.
 Before LOGAN, BALDOCK, and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 In this appeal, we address whether two support personnel employed by a school district had a property interest in the renewal of their annual contracts. We agree with the district court that neither statute nor school board policy provided any such property interest, and accordingly we affirm the summary judgment entered for the defendants.
 
 I. BACKGROUND
 
 2
 The appellants in this action, Joyce Brown and Lois Sullivan, worked as secretaries for the appellee school district for a number of years until the district declined to renew their contracts. Oklahoma law classifies secretaries who work for an Oklahoma public school system as "support employees." Support employees include essentially all school district personnel other than teachers and administrators.
 
 
 3
 Joyce Brown began her employment with the school district in August 1982 and continued to work for the district until June 1989. She signed a new employment contract every year. Lois Sullivan began her employment with the school district in August 1975. She worked without a written employment contract until August 1982. From that point on, she worked under successive annual contracts until June 1989.
 
 
 4
 The last contract signed by each appellant contained the following provision:
 
 
 5
 The contract term shall be ... [o]n a month to month basis during the school year, beginning on the 15[th] day of August, 1988, and continuing each month thereafter for the balance of the school fiscal year unless employment is terminated, but in no event to extend beyond June 30, 1989 unless a new written contract is entered into by the parties....
 
 
 6
 Appellees' Answer Br., Attach. 1. The previous contracts were substantially identical, with only the appropriate dates differing.
 
 
 7
 The school district renewed the appellants' employment contracts every year until 1989. In June of that year, the school board voted not to enter into a new contract with either appellant. The board did not provide any reason for its decision. The appellants allege, however, that the board declined to renew their contracts because they are related to individuals convicted of various drug offenses.
 
 
 8
 The appellants requested a hearing with the board to discuss the reasons for its failure to renew their contracts. The board, through its attorney, refused to provide such a hearing. The appellants then filed suit in the United States District Court for the Eastern District of Oklahoma. They asserted a claim under 42 U.S.C. § 1983, alleging that the school district had terminated their employment without notice or a hearing in violation of their procedural due process rights guaranteed by the Fourteenth Amendment. The district court granted summary judgment for the appellees, holding that the appellants did not have a protected property interest in continued employment beyond the terms of their contracts and that therefore no violation of their due process rights had occurred. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 II. DISCUSSION
 
 9
 The appellants' "federal constitutional claim depends on their having had a property right in continued employment." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (footnote and citations omitted). In Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court explained the source of a property interest:
 
 
 10
 Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
 
 
 11
 Id. at 577, 92 S.Ct. at 2709. Thus, to show that they had a property right in continuing employment from year to year, the appellants must point to some source that provides "a legitimate claim of entitlement to" that interest. Id.
 
 
 12
 In the absence of a statutory or contractual right to renewal, a person employed under consecutive annual contracts ordinarily can claim no property interest in the indefinite renewal of his or her contract. See Burris v. Willis Indep. Sch. Dist., Inc., 713 F.2d 1087, 1090-91 (5th Cir.1983). The appellants therefore cannot rely upon the six successive renewals of their employment contracts as evidence of the existence of a property right.
 
 
 13
 The appellants argue instead that their property right arose under two bases: state law and school district policy. Because the appellants appeal a summary judgment, we review their arguments de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 A. Statutorily-based property right
 
 14
 The appellants argue that state law provided them with a property right in continued employment. Specifically, the appellants rely on an Oklahoma statute, which provides in relevant part:
 
 
 15
 A support employee who has been employed by a local board of education for more than one (1) year shall be subject to suspension, demotion or termination only for cause, as designated by the policy of the local board of education.... This section shall not be construed to prevent layoffs for lack of funds or work.
 
 
 16
 Okla.Stat. tit. 70, § 6-101.40 (formerly codified as Okla.Stat. tit. 70, § 24-133). Thus, under the explicit terms of the statute, a covered support employee may be "terminated" only for (1) "cause," (2) "lack of funds," or (3) "lack of ... work."
 
 
 17
 We construed the former codification of section 6-101.40 in Goudeau v. Independent School District No. 37, 823 F.2d 1429 (10th Cir.1987). The plaintiff in Goudeau worked as a preschool aide in an Oklahoma school district. Two weeks into a new school year, the plaintiff's supervisor notified her of the termination of her employment. Id. at 1430 & n. 1. We held that the former codification of section 6-101.40 provided the plaintiff with a property interest in her employment and entitled the plaintiff to a pretermination hearing. Id. at 1430-31.
 
 
 18
 In the instant case, the school board did not terminate the appellants' contracts during the term, as the school district in Goudeau attempted to do. Rather, the school board here elected simply not to renew the appellants' contracts after they expired. We hold that in the context of the language of section 6-101.40, failure to renew is not the equivalent of an affirmative act of termination. Cf. Cole v. Ruidoso Mun. Sch., 947 F.2d 903, 904 n. 1 (10th Cir.1991) (distinguishing "discharge" from "nonrenewal"); Moore v. Mississippi Valley State Univ., 871 F.2d 545, 550 (5th Cir.1989) (plaintiffs "were not fired as such, rather their contracts were not renewed").
 
 
 19
 Although the appellants' employment did end upon the expiration of their contracts, we read "termination" as used in the statute to require termination under an extant contract. In this case, given that (1) the contract stated explicitly that its term ended in June unless renewal occurred and (2) an individual cannot claim a property right in renewal of a contract based only on previous renewals of it, see Burris, 713 F.2d at 1090-91, we cannot view the school board's failure to offer new contracts to the appellants as acts of termination within the meaning of section 6-101.40. Therefore, the school board did not deprive the appellants of the property right explicated in Goudeau.
 
 B. School Board Policy
 
 20
 The appellants also argue that school board policies give rise to a property interest in continued employment. An individual "who has held his position for a number of years[ ] might be able to show from the circumstances of this service--and from other relevant facts--that he has a legitimate claim of entitlement to job tenure." Perry v. Sindermann, 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). However, "a mere subjective 'expectancy' " is not enough. Id. at 603, 92 S.Ct. at 2700; see also Roth, 408 U.S. at 577, 92 S.Ct. at 2709 ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.").
 
 
 21
 In this case, the appellants rely on school board policies as enunciated in a policy handbook. Specifically, the section on "separation" states:
 
 
 22
 The continuation of employment shall be based on the quality of work, ethical conduct, necessity of the work and the availability of district funds. Unless the continued presence of a person on a job is highly detrimental to the school system, two weeks notice shall be given before dismissal.
 
 
 23
 Likewise, employees shall give two weeks notice of resignation.
 
 
 24
 App. to Appellants' Br. in Chief, Tab 3.
 
 
 25
 We recognize that in Oklahoma "[t]he provisions of an employee handbook can constitute a contract between the employer and employee." Vinyard v. King, 728 F.2d 428, 432 (10th Cir.1984). However, in this case, we do not believe that the provision of the policy manual cited creates a property right to renewal of the appellants' annual contracts, particularly in light of the explicit provision in the appellants' contracts that the term expired at the end of the school fiscal year and continued "in no event ... beyond June 30, 1989." The provision in the policy manual does little more than restate the requirements for termination, suspension, and demotion contained in section 6-101.40: cause, lack of funds, and lack of work. Given the use of the words dismissal and resignation, neither of which applies upon expiration of a contract, we interpret the provision to refer to termination of an existing contract rather than to a failure to renew a contract.
 
 III. CONCLUSION
 
 26
 The appellants had no property right to renewal of their annual contracts, and the school board therefore owed them no constitutional obligation to provide a due process hearing. Accordingly, we AFFIRM the district court's judgment.