990 F.2d 560
 82 Ed. Law Rep. 313
 Jackie G. DURANT, Plaintiff-Appellee,
v.
INDEPENDENT SCHOOL DISTRICT NO. 16 of LEFLORE COUNTY, STATE
of OKLAHOMA, also known as the LeFlore Public Schools;
Dorsey L. Adams, in his official capacity as Superintendent
of Schools and in his individual capacity; Leona Williams;
David Owens; Alton Carpenter, Defendants-Appellants,
and
Daniel Ingle and Wayne Wolfe, in their official capacities
as members of the Board of Education for the
Leflore Public Schools and in their
individual capacities, Defendants.
Jackie G. DURANT, Plaintiff-Appellee,
v.
INDEPENDENT SCHOOL DISTRICT NO. 16 of LEFLORE COUNTY, STATE
of OKLAHOMA, also known as the LeFlore Public Schools;
DORSEY L. ADAMS, in his official capacity as Superintendent
of Schools and in his individual capacity; Leona Williams;
David Owens; Alton Carpenter, Defendants-Appellants,
and
Daniel Ingle and Wayne Wolfe, in their official capacities
as members of the Board of Education for the
LeFlore Public Schools and in their
individual capacities, Defendants.
Jackie G. DURANT, Plaintiff-Appellee,
v.
INDEPENDENT SCHOOL DISTRICT NO. 16 of LEFLORE COUNTY, STATE
of OKLAHOMA, also known as the LeFlore Public Schools;
Dorsey L. Adams, in his official capacity as Superintendent
of Schools and in his individual capacity; Leona Williams,
Daniel Ingle, David Owens, Alton Carpenter, Wayne Wolfe, in
their official capacities as members of the Board of
Education for the Leflore Public Schools and in their
individual capacities, Defendants-Appellants.
 Nos. 91-7129, 92-7022, 92-7033.
 United States Court of Appeals,
Tenth Circuit.
 April 5, 1993.
 
 Lana Jeanne Tyree and Phyllis L. Walta, Oklahoma City, OK, for plaintiff-appellee.
 Bill V. Wilkinson and Robyn R. Sanzalone, Wilkinson & Monaghan, Tulsa, OK, for defendants-appellants.
 Before LOGAN, MOORE, and ANDERSON, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Independent School District No. 16 of LeFlore County, Oklahoma, Superintendent Dorsey Adams, and individual school board members, Leona Williams, David Owens, and Alton Carpenter (collectively, the LeFlore District), appeal the award of damages and reinstatement of plaintiff Jackie G. Durant to her former position in the LeFlore school cafeteria upon her successful pursuit of claims defendants violated her First and Fourteenth Amendment rights. Although our intervening decision in Brown v. Independent Sch. Dist. No. I06, 974 F.2d 1237 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993), extinguishes Ms. Durant's due process recovery granted by the court, we find no basis in the law or record to otherwise disturb the jury's verdict. Nevertheless, we remand for the district court to reconsider the award of attorney's fees in light of our discussion of Ms. Durant's status as a prevailing party.
 
 I. Background
 
 2
 For three years, the LeFlore District employed Ms. Durant, a local resident, in the school cafeteria. During the 1988-1989 school year, a hotly contested election to unseat incumbent school board member David Owens occupied LeFlore's attention, dividing the loyalties of this small rural community of approximately 150 citizens. In that race, Ms. Durant and her husband actively and openly campaigned for Mr. Owens' rival, telephoning, pamphleteering, and contributing money to his candidacy. He lost, and shortly after, Superintendent Adams informed Ms. Durant her annual contract with the LeFlore District would not be renewed at the end of the school year.
 
 
 3
 Ms. Durant filed this action for deprivation of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983, alleging the LeFlore District wrongfully refused to grant her a hearing before deciding not to renew her contract and terminated her because she participated in constitutionally protected activities. In the course of the five-day jury trial, the court granted Ms. Durant's motion for directed verdict on her due process claim, relying on Goudeau v. Independent Sch. Dist. No. 37 of Okla. County, Okla., 823 F.2d 1429 (10th Cir.1987), which held support personnel have a constitutionally protected property interest in continued employment under Okla.Stat. tit. 70, § 6-101.40, requiring a pre-termination hearing before nonrenewal of an employment contract. Directed verdicts were granted to the individual defendants dismissing the due process claim on the basis of qualified immunity. The court also directed a verdict for defendants Wayne Wolfe and Daniel Ingle, school board members, on Ms. Durant's First Amendment claim.
 
 
 4
 The remainder of the trial provided the jury with two sharply divergent pictures of the events culminating in the LeFlore District's decision not to renew Ms. Durant's contract. According to Ms. Durant, Superintendent Adams specifically admonished her to stay out of politics and threatened her with termination if she persisted. In contrast, the LeFlore District countered a reduction in the number of students using the school cafeteria necessitated the nonrenewal. Testifying school board members insisted they acted solely on the superintendent's recommendation; and although initially stating Ms. Durant had a good work record, upon later recall, complained of her cleanliness at work and loud and boisterous behavior at school board meetings.
 
 
 5
 Following the jury's verdict in Ms. Durant's favor, the court awarded actual damages of $11,250 to be paid by the school district; actual damages totalling $725; and punitive damages totalling $725 against the remaining individual board members and superintendent. In a separate order, the court reinstated Ms. Durant with seniority to her former position. Finally, upon finding Ms. Durant was a "prevailing party" under 42 U.S.C. § 1988, the court awarded $39,633.15 in attorney's fees. The LeFlore District challenges each facet of the judgment and relief, filing three separate appeals, consolidated here for review.
 
 II. Due Process
 
 6
 Our recent decision in Brown v. Independent Sch. Dist. No. I-06, 974 F.2d at 1237, displaces the district court's analysis of the due process claim. Like Ms. Durant, plaintiffs in Brown were non-certified support personnel[1] whose annual employment contracts were not renewed at the end of the school year. They claimed, relying on Okla.Stat. tit. 70, § 6-101.40,[2] their employment was terminated without notice and a hearing in violation of their procedural due process rights. However, we affirmed the denial of relief, reading that statute on its face to trigger due process rights only when a suspension, demotion, or termination occurred. Therefore, unlike Goudeau, 823 F.2d at 1429, in which the support employee was dismissed shortly after she began working and we held she was entitled to a hearing before termination, the Brown plaintiffs were not given new contracts for the next school year in the first instance. Consequently, we concluded "the failure to renew is not the equivalent of an affirmative act of termination." 974 F.2d at 1240 (citation omitted). Because plaintiffs' contracts explicitly stated they expired in June unless renewed, we could not read the failure to offer a new contract as an act of termination. Moreover, we noted, "[i]n the absence of a statutory or contractual right to renewal, a person employed under consecutive annual contracts ordinarily can claim no property interest in the indefinite renewal of his or her contract." Id. at 1239 (citation omitted).
 
 
 7
 Similarly, Ms. Durant can claim no property interest under § 6-101.40 or her successive contracts.[3] Although Ms. Durant would distinguish her case from Brown on the ground her nonrenewal did not comply with Okla.Stat. tit. 70, § 6-101.45,[4] as she designated in the pretrial order, and the district court believed that section was a "significant indication of legislative intent to afford nonrenewed support employees with the same due process rights afforded discharged employees," we view that section differently.
 
 
 8
 Subsection B does not expand the rights afforded support employees but assures that Subsection A of § 6-101.45 is not read to alter them by replacing the for cause requirement for suspension, demotion, or termination in §§ 6-101.40, 6-101.43, and 6-101.47, to a mere notice requirement. We, therefore, hold under Oklahoma's statutory scheme for support employees, nonrenewal of a contract does not trigger the same due process concerns afforded a termination.
 
 III. First Amendment
 
 9
 The LeFlore District contends the district court erred in denying its motion for directed verdict on Ms. Durant's claim that the contract was not renewed in retaliation for her exercising rights embraced by the First Amendment. Conceding the conduct or speech at issue is constitutionally protected,[5] the LeFlore District instead asserts Ms. Durant offered no evidence upon which a rational jury could conclude her conduct, and not the District's legitimate school needs, was the motivation for its nonrenewal decision.
 
 
 10
 Given the plenary review afforded the denial of a motion for directed verdict and viewing the evidence and its inferences in Ms. Durant's favor, Graham v. Wyeth Laboratories, 906 F.2d 1399, 1401 (10th Cir.), cert. denied, 498 U.S. 981, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990), we conclude there is evidence upon which the jury could properly return a verdict for Ms. Durant. This conclusion is sobered by the realization that in a case such as this subjective elements percolate through all the evidence. Ware v. Unified Sch. Dist. No. 492, Butler County, Kan., 881 F.2d 906, 912 (10th Cir.1989), modified on other grounds, 902 F.2d 815 (10th Cir.1990). Indeed, allegations of retaliation are often supported only by circumstantial evidence. Smith v. Maschner, 899 F.2d 940, 949 (10th Cir.1990) (circumstantial evidence of timing of action or unavailability of witnesses may be only means of proponent's supporting allegation of retaliation).
 
 
 11
 Despite the LeFlore District's insistence no one discussed or considered Ms. Durant's conduct or speech in voting not to renew her contract, contradictory testimony by witnesses, the temporal proximity of the election and nonrenewal decision, the lack of documentation of decreased cafeteria use or alleged complaints about Ms. Durant, the District's admitted failure to consider seniority in making the decision, and testimony that Ms. Durant was not to be called to substitute or to fill a subsequent vacancy in the cafeteria, all provide sufficient circumstantial evidence to evade determination of the claim as a matter of law. Indeed, when framed by the setting of this small, closely knitted rural community, the subjective elements suffusing the testimony leave no doubt of the role of the fact finder here in weighing the evidence and making those credibility decisions that culminated in a verdict.
 
 
 12
 Having conceded the speech involved a matter of public concern and is constitutionally protected, the LeFlore District failed to present evidence to meet its burden of showing it would have reached the same decision in the absence of the protected activity. Saye, 785 F.2d at 866. Aside from Superintendent Adams' stating the number of students using the lunchroom had decreased, the LeFlore District provided no documentation to establish the truth of that assertion. Moreover, given Ms. Durant's seniority and the stipulation she was a good worker, the LeFlore District's failure to produce alleged letters of complaint about her cleanliness tipped the balance in favor of Ms. Durant's constitutional right over the District's responsibility "as an employer, in promoting the efficiency of the public services it performs through its employees." Rankin v. McPherson, 483 U.S. 378, 384, 107 S.Ct. 2891, 2897, 97 L.Ed.2d 315 (1987).
 
 
 13
 Still under the rubric of error in failing to direct a verdict on the First Amendment claim, the LeFlore District finally complains about the award of punitive damages against each defendant.[6] The court instructed the jury,
 
 
 14
 if you further find from the evidence that defendant or those defendant's [sic] conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference to plaintiff's federally protected rights, then, in addition to actual or nominal damages to which you find plaintiff entitled, you may award her an additional amount as exemplary or punitive damages....[7]
 
 
 15
 The LeFlore District does not challenge the instruction; instead, it attempts to place this case within the ambit of Wulf v. City of Wichita, 883 F.2d 842, 867 (10th Cir.1989). In that case, however, we held there was some evidence defendant believed plaintiff disrupted the efficient function of police operations. In this case, the jury heard the evidence and decided the subjective state of mind of each participant warranted the relatively nominal award of punitive damages. The LeFlore District's unsupported arguments to the contrary do not displace this finding.
 
 IV. Evidentiary and Trial Process Errors
 
 16
 The LeFlore District complains the court abused its discretion by refusing to permit two of its experts to testify, prohibiting the introduction of exhibits not listed on the pretrial order, and sustaining objections to its cross-examination of Ms. Durant about why she did not personally attend the June 26 board meeting. These evidentiary errors occurred, the LeFlore District maintains, in an atmosphere of abuse and hostility which the trial court displayed with "razor sharp" comments and "devastating" consequences.
 
 
 17
 Virtually each page of trial transcript is riddled with objections interposed to testimony, interchanges with the court, repetitions of the permitted or prohibited lines of questioning, and a general abandonment of the appropriate adversarial roles in the trial process. Repeatedly, the court reminded counsel not to ask leading questions on direct examination; and, consistently, counsel on both sides led their witnesses, responded inappropriately to testimony,[8] and commented on witness testimony.[9] Rancor and contentiousness pervade the trial process with each side's ignoring the court's rulings in an attempt to evade their consequences.
 
 
 18
 Within this setting, the LeFlore District objected to certain evidentiary rulings which it continues to press in this appeal hoping to show an abuse of discretion. Each of its objections is without merit, however. For example, the court's pretrial instructions and order require counsel to list those exhibits expected to be introduced at trial. The LeFlore District did not list the school policy manual as one of its exhibits and failed to show any other circumstance than its own neglect to warrant relief from the pretrial order.[10] The trial court did not abuse its discretion in excluding the exhibit.
 
 
 19
 Similarly, the court properly excluded the testimony of two attorneys whom the LeFlore District sought to offer as expert witnesses. Again the court entertained defense counsel's proffer the testimony was being offered to show the LeFlore District sought the advice of counsel "with regard to whether or not it was proper for Mrs. Durant's contract to be nonrenewed." Appendix to Appellants' Brief-in-Chief, V. II, 464. The court responded the proffered testimony was already in the evidence and undisputed. We agree and find no abuse of discretion in this court's ruling.
 
 
 20
 Finally, defense counsel challenges the court's sustaining plaintiff counsel's objection to its questioning Ms. Durant about why she did not attend the June 26 meeting. Although the court initially ruled the issue was irrelevant, it later reconsidered and permitted counsel to ask Ms. Durant why she didn't attend the board meeting but not whether it would have made a difference had she attended.[11] Counsel's pressing this objection on appeal merely underscores the spurious nature of the trial tactics which prolonged this case.
 
 
 21
 Here, the record speaks for itself. The trial court properly exercised its discretion in controlling this contentious proceeding.
 
 V. Attorney's Fees
 
 22
 The LeFlore District contends it filed three notices of appeal to insure that if it prevailed on any issue, its liability for attorney's fees would be adjusted, citing Lewis v. B.F. Goodrich Co., 850 F.2d 641, 644 (10th Cir.1988) (premature notice of appeal from order disposing of less than all claims is effective if appellant obtains certification or final adjudication of the matter before appellate consideration of the merits). In assessing the award of attorney's fees, the district court decided Ms. Durant was a prevailing party, relying on Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). That Ms. Durant had succeeded in all but her contract claim and recovered damages and reinstatement to her former position, satisfied the court she had "crossed the threshold to a fee award of some kind," under Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978).
 
 
 23
 After a hearing, the court applied the lodestar method set forth in Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir.1983), and examined plaintiff counsel's submission of affidavits and evidence to establish a reasonable fee. Although plaintiff's counsel requested a fee award of $56,661.40 to be enhanced because of the novelty of the question of law presented, the court adjusted the fee to deduct the hours expended in pursuit of the contract claim and to reflect the prevailing rate in the area. Adjusting to assure expenses already taxed as costs would not again be recovered under 42 U.S.C. § 1988, the court awarded attorney's fees and expenses of $39,633.15.[12]
 
 
 24
 However, because Ms. Durant is no longer a prevailing party on the due process issue, we must remand this action for the district court to determine whether any further adjustment of attorney's fees is appropriate. Without doubt, the relief obtained surely provided "a resolution of the dispute which changes the legal relationship between [herself] and the defendant." Texas State Teachers Ass'n, 489 U.S. at 792, 109 S.Ct. at 1493 (citing Hewitt v. Helms, 482 U.S. 755, 760-61, 107 S.Ct. 2672, 2675-76, 96 L.Ed.2d 654 (1987)). Nevertheless, "the district court[ ] should exercise [its] equitable discretion ... to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." 489 U.S. at 789-90, 109 S.Ct. at 1492 (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). Because Ms. Durant's claims arose out of a common core of facts and involved related legal theories, the district court may equally conclude her prevailing party status on the First Amendment claim subsumes her failure to succeed ultimately on the due process claim.
 
 
 25
 The judgment of the district court is therefore AFFIRMED in part and REVERSED in part. We REMAND the action for further proceedings consistent with this opinion.
 
 
 
 [1]
 Virtually all school district personnel other than teachers and administrators are classified as non-certified support employees
 
 
 [2]
 Okla.Stat. tit. 70, § 6-101.40 states:
 A support employee who has been employed by a local board of education for more than one (1) year shall be subject to suspension, demotion or termination only for cause, as designated by the policy of the local board of education.... This section shall not be construed to prevent layoffs for lack of funds or work.
 
 
 [3]
 Ms. Durant's written contracts were lost as well as the payroll records for that time period, eliminating review of their language. Appendix to Appellants' Brief-in-Chief, V. I, 260-61
 
 
 [4]
 Section 6-101.45 provides:
 A. A school district, no later than ten (10) days after the effective date of the education appropriation bill or June 1, whichever is later, shall give reasonable assurance of employment in writing to any support employee that the school intends to employ for the subsequent school year.
 B. This section shall not be construed to nullify the provisions of ... [sections 6-101.40 and 6-101.43 to 6.101.47] of this title or be construed to deprive any employee that the district is considering not employing for the subsequent year of any rights provided in such actions.
 
 
 [5]
 Because of this concession, we skip that step in the review in which the court must decide as a matter of law the statements are constitutionally protected. Saye v. St. Vrain Valley Sch. Dist. RE-1J, 785 F.2d 862, 865 (10th Cir.1986). The plaintiff must then prove her speech was the substantial or motivating factor in the challenged employment decision, shifting the burden to defendant to show "by a preponderance of the evidence that it would have reached the same decision ... in the absence of the protected activity." Id. at 866 (quoting Childers v. Independent Sch. Dist. No. 1 of Bryan County, Okla., 676 F.2d 1338, 1341 (10th Cir.1982); see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977))
 
 
 [6]
 Specifically, the court ordered Superintendent Adams to pay $500 in punitive damages; board members Leona Williams, $125; David Owens, $50; and Alton Carpenter $50
 
 
 [7]
 This instruction derives from Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983)
 
 
 [8]
 For example, the court admonished defense counsel,
 You don't need to shake your head like that, and let him answer. You're shaking your head back and forth. I don't know if you intended to do it or not but you were. The jury couldn't see but I certainly could and I was looking directly at you, and I don't know that it was important that he answer that way or not, but I don't want you shaking your head back and forth and then the man answer no because it leads me to believe that you've led him to answer that.
 Appendix to Appellant's Brief-in-Chief, V. II, 509.
 
 
 [9]
 The court stated:
 I've made a list, a long list of both of you making comments after a witness testified as to a particular thing, and I decided to bring it to your attention and tell you to stop doing it.... I think your trial practice and techniques, in my opinion, are reprehensible. And we just don't have time for me to stop and lecture both of you each time you do something that I think is wrong.
 Appendix to Appellants' Brief-in-Chief, V. II, 492.
 
 
 [10]
 The LeFlore District did not argue the pretrial order should be modified to prevent manifest injustice under Fed.R.Civ.P. 16(e)
 
 
 [11]
 The court stated:
 THE COURT: No, I'll tell you, it's irrelevant. I'll tell you something else, though, I have determined that this issue you brought up--I've been thinking about it since then, about going to the meeting, I think maybe that is relevant. I have changed my mind about that.
 What you ask about now is irrelevant, about whether or not it would have made any difference. But, the other business is relevant, I have changed my mind about that. I have given that a lot of thought since you inquired about that.
 MR. WILKINSON: Thank you, Judge. I'll resubmit this question and I'll try to do it succinctly and expeditiously.
 Appendix to Appellants' Brief-in-Chief, V. II, 317.
 
 
 [12]
 To reach this result, the court conducted a hearing in which plaintiff's counsel presented evidence. We find no other reference in the record to support defense counsel's present urging the court abused its discretion in refusing to permit it to conduct limited discovery "to determine the underlying basis for the attorney fee claim."