Michael DUFFY, Plaintiff–Appellee,
Cross–Appellant

v.

CITY OF DESERT HOT SPRINGS, a
municipality; et al., Defendants–
Appellants, Cross–Appellee

and

Jerry Hanson, in his individual and
official capacity as former City
Manager, Defendant.

Nos. 08–55508, 08–55797.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed July 20, 2009.

Glenn Rothner, Esquire, Rothner, Segall & Greenstone, Pasadena, CA, for Plaintiff–Appellee, Cross–Appellant.

Edward P. Zappia, Esquire, The Zappia Law Firm, Los Angeles, CA, for Defendants–Appellants, Cross–Appellee.

Cynthia M. Germano, Esquire, Best Best & Krieger, LLP, Riverside, CA, for Defendant.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

### MEMORANDUM [*]

The City of Desert Hot Springs (the "City") and the City's former interim police chief, Walter McKinney, appeal from a jury verdict in a 42 U.S.C. § 1983 action decided in favor of former City police officer Michael Duffy. Duffy cross-appeals the district court's decision to reduce his attorneys' fees award. We have jurisdiction under 28 U.S.C. § 1291. We affirm the jury verdict but reverse and remand as to the reduction of attorneys' fees.

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### I.

Duffy alleged that the City terminated him without due process because his probationary period was extended in violation of his union contract. He also claimed he was terminated because of his union activity, a violation of his First Amendment rights. The jury found that Duffy had been terminated in violation of his due process rights, but that he had not been terminated because of his union activity. They awarded Duffy $53,000 for his past economic loss, $418,845 for his future economic loss, and $5000 in non-economic loss, for a total award of $476,845, approximately half of what Duffy sought. Duffy subsequently moved for attorneys' fees and costs. The district court granted attorneys' fees but reduced them by about one-third.

On appeal, the defendants challenge the district court's rulings that (1) the City violated the memorandum of understanding (MOU) it had with the police officers' union by extending Duffy's probation period, (2) the City could be liable under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), (3) McKinney was not entitled to qualified immunity, and (4) the jury's damages award was justified. Duffy appeals the district court's decision to reduce his attorneys' fees award.

### II.

#### A.

█ The City's MOU with the police officers' union specifies that lateral hires have a twelve-month probationary period. The MOU does not provide for an exten-

sion of the probationary period. The City's Personnel Rules and Regulations do not permit the City to extend the probationary period another six months, because allowing such an extension would conflict with the clear intent of the MOU. Thus, the district court correctly ruled that Duffy was subject only to a twelve-month probationary period. It follows that the City violated the MOU when it extended Duffy's probationary period, and that, as a permanent employee, Duffy was entitled to the due process protections provided by the MOU before he could be terminated. *See McGraw v. City of Huntington Beach,* 882 F.2d 384, 389 (9th Cir.1989); *Dorr v. Butte County,* 795 F.2d 875, 876 (9th Cir. 1986).

### B.

■ Generally, appellate courts will not review a district court's denial of a motion for judgment as a matter of law unless the appellant both made a motion for judgment as a matter of law at the close of evidence, under Federal Rule of Civil Procedure 50(a), and then renewed the motion after the verdict, under Rule 50(b), or made a motion for a new trial. *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.,* 546 U.S. 394, 400–02, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006); *Nitco Holding Corp. v. Boujikian,* 491 F.3d 1086, 1089 (9th Cir.2007). The defendants did not renew their claim that the City could not be liable under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in any of their post-judgment motions. They have therefore waived this claim. The defendants similarly did not raise the issue of McKinney's qualified immunity in any of their post-judgment motions and have waived that defense.

### C.

■ Courts grant substantial deference to a jury's finding of the appropriate amount of damages. *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 95 F.3d 1422, 1435 (9th Cir.1996). The award here was not grossly excessive or speculative in light of the expert testimony as to what Duffy's future earnings would have been had he remained employed with the City. *See id.* Nor did the jury find that Duffy's termination was justified, so that Duffy is entitled only to nominal damages. *Cf. Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Raditch v. United States,* 929 F.2d 478, 482 n. 5 (9th Cir.1991).

The jury also had sufficient evidence before it to support the award of emotional distress damages. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 513 (9th Cir.2000) (holding that the Ninth Circuit does not require "objective" evidence of emotional damages); *Chalmers v. City of Los Angeles,* 762 F.2d 753, 761 (9th Cir.1985) (upholding emotional damages based solely on testimonial evidence). We therefore affirm the damages award in all respects.

### D.

■ Finally, Duffy challenges the one-third reduction of the lodestar for attorneys' fees and "fees-on-fees." Under *Hensley v. Eckerhart,* if the plaintiff is successful on only some claims in a federal civil rights action, the court must decide two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). If the claims are unrelated, no fee may be awarded for

282

work on the unsuccessful claim. *Id.* at 435, 103 S.Ct. 1933. If the claims are related, the district court should evaluate "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation" to determine what fee award is appropriate. *Id.*

In this case, the district court erred in finding the claims unrelated. Although the First Amendment and due process claims advanced different legal theories, the theories were related and both involved a common core of facts, namely, the circumstances surrounding the City's termination of Duffy. *See Thorne v. City of El Segundo,* 802 F.2d 1131, 1141 (9th Cir. 1986) ("[C]ourts evaluating relatedness have considered whether the unsuccessful claims were presented separately, whether testimony on the successful and unsuccessful claims overlapped, and whether the evidence concerning one issue was material and relevant to the other issues."); *cf. Durant v. Indep. Sch. Dist. No. 16,* 990 F.2d 560, 562, 567 (10th Cir.1993) (holding that school employee's First Amendment and due process claims "arose out of a common core of facts and involved related legal theories" where employee was fired for participating in campaign against school board member). We therefore reverse the attorneys' fee reduction and remand for the district court to evaluate the significance of the overall relief obtained and to determine the appropriate fee award. We award costs to plaintiff-appellee Duffy.

**AFFIRMED IN PART, REVERSED IN PART.**